ANJANETTE CABRERA
LORIE E. ALMON (Admitted *Pro Hac Vice*)
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018
(212) 218-5500

Attorneys for Defendants
Costco Wholesale Corporation

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

------------------------------------ x
:
ABDUL MARSHALL, :
:
    Plaintiff, :
: Civil Action No. 2:10-CV-5850 (FSH) (PS)
  v. :
:
COSTCO WHOLESALE COMPANY, a :
corporation :
:
    Defendant. :
:
------------------------------------ x

### Discovery Confidentiality ~~STIPULATION AND~~ ORDER GOVERNING ~~THE TREATMENT OF CONFIDENTIAL MATERIAL~~

    IT IS HEREBY STIPULATED AND AGREED, by and between plaintiff Abdul Marshall ("Marshall") and Defendant Costco Wholesale Corporation ("Costco," incorrectly identified in the caption as "Costco Wholesale Company, a corporation") through their respective counsel that:

    1.    This ~~Stipulation and~~ Order governs the use and handling of documents, exhibits, deposition testimony, audio and video tapes and other information, including all copies, excerpts and summaries thereof (collectively, "Material"), produced by any of the Parties to another Party in connection with the above-referenced proceeding.

2. Any of the Parties may designate as "Confidential" any Material which it produces in response to document requests or interrogatories served in this proceeding when such Party in good faith believes that the Material contains sensitive financial, security, personal, medical, commercial or proprietary business information relating to such Party, any current or former employee of Costco, and/or any current or former customer or contractor of Costco, the public disclosure of which may have an adverse effect on the personal, financial, commercial or business reputation of such Party or current or former employees, customers or contractors of Costco ("Confidential Material").

3. Confidential Material shall be subject to the following restrictions:

(a) Confidential Material shall be used only for the purpose of this proceeding (including appeals, if any), and not for any other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except those to whom it is necessary that such Material be given or shown for the purposes permitted under this paragraph, as set forth in subparagraph (b) below.

(b) Confidential Material shall be disclosed, for the purposes set forth above, only to:

(i) counsel of record and other counsel for the Parties in the above-referenced litigation, and any employees, experts, contractors and agents working with the Party, or their counsel;

(ii) the litigation forum(s) in which such proceeding may proceed (including the Court, court reporters and stenographic reporters);

(iii) any other person as to whom the Party producing such Confidential Material agrees in writing; and

2

13128445v.1

(iv) witnesses, in pre-trial or trial proceedings relating to this action.

(c) ~~The Parties will seek confidential protection from the Court for any Confidential Material used in or disclosed at trial proceedings unless the Party producing the Confidential Material has been given two (2) business days notice of the disclosure and has stated in writing that they have no objection to the disclosure.~~ Any request to seal information submitted in connection with a request for nondiscovery relief shall proceed via formal motion in accordance with L. Civ. R. 5.3. A party intending to file such a motion shall contact Chambers for instructions concerning its format.

(d) Notwithstanding any of the foregoing provisions, any Party may disclose any Confidential Material produced by it to any other individual or entity, without waiving such confidential designation.

4. Each person, not a Party, given access to Confidential Material pursuant to the terms hereof (a "Non-Party") shall be advised that (a) the Confidential Material is being disclosed pursuant to and subject to the terms of this ~~Stipulation and~~ Order and may not be disclosed or used other than pursuant to the terms hereof, and (b) the violation of the terms of this ~~Stipulation and~~ Order (by use of the Confidential Material in any impermissible manner) may constitute a violation of a Court order. Before a Non-Party is given access to Confidential Material, he or she must read and agree in writing, by executing the document attached hereto as Exhibit 1, to be bound by the provisions of this ~~Stipulation~~ and Order. Each of the Parties and their respective counsel agree to immediately notify all other Parties and their respective counsel if it obtains knowledge or information that a Non-Party is about to disclose, or has disclosed, Confidential Material to persons who have not agreed in writing to be bound by the provisions of this ~~Stipulation and~~ Order.

Designation under this order alone is not a sufficient basis to seek to seal.

5. Confidential Material shall be designated as follows:

(a) In the case of documents, all documents produced by either Party and designated "Confidential."

3

13128445v.1

(b) In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition or within a reasonable time after such deposition has been transcribed. When designation of Confidential Material has been made during the course of a deposition, the reporter attending such deposition shall thereafter bind the transcript thereof in separate portions containing the Confidential Material and non-Confidential Material, and the reporter shall place the appropriate legend on the cover of the Confidential portions of the transcript. The signatories to this ~~Stipulation and~~ Order may modify this procedure for any particular deposition through agreement on the record at such deposition or the conclusion thereof, without a further Order of the Court.

6. (a) The signatories hereto may at any time, on reasonable notice not less than five (5) business days, move *via the joint letter protocol set forth in the* for (i) modification and this ~~Stipulation and~~ Order, *Pretrial Scheduling Order* or (ii) relief from the provisions of this ~~Stipulation and~~ Order with respect to specific Material (subject to the terms of Paragraph 6(b), below).

(b) The Party which has not produced the Confidential Material shall not be obligated to challenge the propriety of the designation of Material as Confidential Material at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If the Party which has not produced the Confidential Material challenges such designation, it shall send or give notice to the other Party, and the Parties shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, any Party may, on reasonable notice not less than five (5) business days, apply *via the joint letter protocol set forth in the Pretrial Scheduling Order* for appropriate ruling(s) from the Court. In the

4

13128445v.1

event of such application, the burden will be on the Party asserting confidentiality to satisfy the standards for a protective order set out in the Federal Rules of Civil Procedure and applicable case law, and L.Civ.R. 5.3

7. Any Party's production of Confidential Material is not deemed to be a waiver of any privilege, in whole or in part, as it applies to said information or documents.

8. Any reproductions, summaries, or abstracts of Confidential Material shall be treated in the same manner as the originals.

9. This Order, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and for (7) seven years after the conclusion of this litigation, including appeals, if any. At the conclusion of this litigation, a Non-Party who has agreed in writing and the nonproducing party who received Confidential Material (other than the Court) to be bound by this and Order shall promptly return to the Party or receiving party's who provided such Confidential Material for the Non-Party's review all such Confidential Material in the Non-Party's possession. In the alternative, a non-producing Party may destroy all Confidential Material in its possession and certify as much to the producing Party. Notwithstanding the return or destruction of any such Confidential Material, the parties shall continue to be bound by the terms of this Order.

Respectfully submitted,

Plaintiff Abdul Marshall

Alan Krumholz, Esq. /PMD
Krumholz Dillon, P.A.
524 Summit Avenue
Jersey City, New Jersey 07036

Dated: February 14, 2011

Defendant Costco Wholesale Corporation

Anjanette Cabrera, Esq.
Lorie E. Almon, Esq.
Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York 10018

Dated: February 14, 2011

5

13128445v.1

and for good cause shown in the Certification of AD Janette Cabrera, dated February 22, 2011

SO ORDERED:

*(signature)*

The Honorable Patty Shwartz
United States Magistrate Judge

Dated: February 22, 2011

# EXHIBIT 1

## WRITTEN ASSURANCE

1. I _____, being duly sworn, state that I reside at _____ in the City of _____, State of _____.

2. I am fully familiar and agree to comply with and be bound by the provisions of the attached ~~Stipulation and~~ Order Governing ~~the Treatment of Confidential Material between Plaintiff Abdul Marshall and Defendant Costco Wholesale Corporation, dated February 14, 2011~~ Discovery Confidentiality, and consent to the personal jurisdiction of the United States District Court for the District of New Jersey, for the enforcement thereof. I will neither disclose to nor discuss with any third party any documents, or the contents thereof, obtained in connection with the matter of <u>Abdul Marshall v. Costco Wholesale Company, a corporation</u>, United States District Court, D.N.J. (Civil Action No. 2:10-cv-05850 (FSH (PS)), except solely for the purpose of this action and then only at the express direction of Plaintiff, counsel for Plaintiff, or counsel for Defendant. I also agree, to the extent I am provided copies of any documents produced in this matter, to return all such copies to Plaintiff, counsel for Plaintiff, or counsel for Defendant at the conclusion of the matter.

_____

Sworn to before me this
\_\_\_\_\_ day of _____, 2011

_____
Notary Public

7

13128445v.1